FILED IN CLERK'S OFFICE
U.S.D C -Atlanta

MAR - 8 2005

LUTHER D, THOMAS, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| URIM CORP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| | ) | FILE NO 1 05 CV 0633 |
| vs | ) | |
| | ) | |
| STEVEN L KRONGOLD, MARK T | ) | |
| PALIN AND JAY T THOMPSON | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## NOTICE OF REMOVAL

TO  The Judges of the United States District Court for the Northern District of Georgia, Atlanta Division

The Defendants Steven L Krongold, Mark T Palin, and Jay T. Thompson respectfully show the Court the following

1.

A civil action has been brought against the Defendants in the State Court of Fulton County, State of Georgia, by the above named Plaintiff, said action being designated as Civil Action No 05VSO77127B in which the Plaintiff in its Complaint is seeking to recover from the Defendants an amount in excess of $75,000 00

FORMS RECEIVED
Consent To US Mag. ____
Pretrial Instructions ____
Title VII-NTC ____
BD

2.

Plaintiff is now, was at the commencement of this suit and at all times since, a foreign corporation organized and existing under the laws of the Republic of Korea

3.

Defendants Steven Krongold, Mark Palin, and Jay Thompson are now, were at the time of the commencement of this suit and at all times since, residents of the State of California

4

Defendants attach hereto a copy of all pleadings filed prior to removal, including the Summons and Complaint, attached hereto as Exhibit "A", the Affidavit of Frank J Beltran, Esq., attached hereto as Exhibit "B", Plaintiff's First Continuing Interrogatories to Defendants, attached hereto as Exhibit "C", Plaintiff's First Continuing Request for Admissions to Defendants, attached hereto as Exhibit "D", and Plaintiff's First Continuing Request for Documents and Things to Defendants, attached hereto as Exhibit "E"

5

Now within thirty (30) days after service of the Summons and Complaint, the Defendants file this their Notice of Removal of said action to this Court

This action is removable by reason of diversity of citizenship of the parties, there being more than $75,000 00 in controversy, exclusive of interest and costs, as provided in 28 U S C A § 1332

WHEREFORE, the above-named Defendants, file this their Notice of Removal of said cause to this Court

        **CARLOCK, COPELAND, SEMLER & STAIR, LLP**

BY *[signature]*
JOHANNES S KINGMA
State Bar No. 421650
SHANNON M SPRINKLE
State Bar No 495095

*Attorneys for Defendants Steven L Krongold, Mark T Palin and Jay T Thompson*

2600 Marquis Two Tower
285 Peachtree Center Avenue, N E
Atlanta, Georgia 30303-1270

----

P O Box 56887
Atlanta, Georgia 30343-0887
404/522-8220

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served counsel for the opposing party(s) with a copy of the within and foregoing pleading by depositing a copy of same in the United States mail in an envelope property addressed to the following, with adequate postage thereon to insure proper delivery to the following

> Steven M Kushner
> Peachtree Center
> Suite 2300 South Tower
> 225 Peachtree Street, N E
> Atlanta, Georgia 30303

This 8 day of March, 2005

BY: /s/ Shannon M Sprinkle
SHANNON M SPRINKLE
State Bar No 495095

*Attorneys for Defendants Steven L Krongold, Mark T Palin and Jay T Thompson*

2600 Marquis Two Tower
285 Peachtree Center Avenue, N E
Atlanta, Georgia 30303-1270
----
P O Box 56887
Atlanta, Georgia 30343-0887
404/522-8220

1814372v1

Second ORG ~~ORG~~

COPY
GEORGIA
FULTON COUNTY

STATE COURT OF FULTON COUNTY
(Civil Division)

05 JAN 31 PM 4:25
CLERK
FULTON CO... COUNTY OF GEORGIA

_URim Corporation_

_____

(Plaintiff's Name and Address)
vs.

_Steven L. Krongold,_
_Mark T. Palin, Jay_
_T. Thompson_
(Defendant's Name and Address)

**SUMMONS**

| TYPE OF SUIT | AMOUNT OF SUIT | |
|---|---|---|
| ☐ Account | Principal | $ |
| ☐ Contract | | |
| ☐ Note | Interest | $ |
| ☐ Tort | | |
| ☐ Trover | Atty Fees | $ |
| ☐ Special Lien | | |
| ☐ Foreign Judgment | Ct Costs | $ |
| ☐ Personal Injury | | |

TO THE ABOVE NAMED-DEFENDANT:
    You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

_Steven M. Kushner_
(Name)
_225 Peachtree St_
(Address) _Atl GA_
(Phone No.) _404 586-9200_

an answer to the complaint which is herewith served on you, within (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action.
This _____

_/s/ W. _____
Deputy Clerk

DEFENSE MAY BE MADE, AND JURY TRIAL DEMANDED, if desired, in the Clerk's Office at TG100, 185 Central Avenue, SW, (Between MLK, Jr. Drive and Mitchell Street), Atlanta, Georgia 30303.
    If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the **DEFENDANT'S ANSWER MUST BE SWORN TO.**
    If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00 and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn Answer setting up the facts relied on as a defense.

SERVED: This _____ day of _____, 20____

DEPUTY MARSHAL STATE COURT OF FULTON COUNTY
(Staple to front of SERVICE COPY of complaint)

14-014-1094

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

URIM CORPORATION, )
)
    Plaintiff, )
) CIVIL ACTION
Vs )
) FILE NO 05 VS 077127B
STEVEN L KRONGOLD, MARK T )
PALIN, and JAY T THOMPSON, )
)
    Defendants )

## COMPLAINT

**COMES NOW** Plaintiff Urim Corporation and files its Complaint against Defendants Steven L Krongold, Mark T Palin, and Jay T Thompson, showing the Court as follows

### Parties and Jurisdiction

1    Urim Corporation is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business located in Seoul, Korea

2    Arter & Hadden, LLP is a limited liability partnership of the State of Ohio, which is currently in Chapter 7 Bankruptcy in the Northern District of Ohio

3    Arter & Hadden is and/or was a law firm with offices throughout the United States

4    Arter & Hadden represented Urim in an action styled as <u>Omega Research and Development Corporation v Urim Corporation</u>, Civil Action No 1 01-CV-2011 TWT in the United States District Court for the Northern District of Georgia, Atlanta Division (the "Omega Lawsuit") through Krongold, Palin, and Thompson

- 1 -

5. Krongold is a resident of the state of California and is or was a partner in Arter & Hadden

6. Krongold is an attorney licensed to practice law in California

7. Krongold is not licensed to practice law in Georgia and was admitted pro hac vice in the United States District Court for the Northern District of Georgia, Atlanta Division for the Omega Lawsuit

8. Krongold is currently a partner with the law firm of Bienert & Krongold, and can be personally served at 107 Avenida Miramar, Suite B, San Clemente, California 92672-6713

9. Palin is a resident of the state of California and is or was a partner in Arter & Hadden

10. Palin is an attorney licensed to practice law in California

11. Palin is not licensed to practice law in Georgia and was admitted pro hac vice in the United States District Court for the Northern District of Georgia, Atlanta Division for the Omega Lawsuit

12. Palin is currently a partner with the law firm of Atkinson, Andelson, Loya, Ruud & Romo, P C, and can be personally served at 17871 Park Plaza Drive, Suite 200, Cerritos, California 90703-8597

13. Thompson is a resident of the state of California and is or was a partner in Arter & Hadden

14. Thompson represented Urim in connection with the Omega Lawsuit, but was not admitted pro hac vice for the Omega Lawsuit

15  Thompson is currently a partner with the law firm of Freeman, Freeman & Smiley, LLP, and can be personally served at 2 Park Place, Suite 245, Irvine, California 92614

16  This Court has jurisdiction over Defendants and over the subject matter of this action

17  The venue of this action is proper in this Court

18  This action is timely filed within the applicable, statutes of limitations periods for legal malpractice claims

### Factual Background

19  Urim is an electronic products manufacturer engaged mainly in the development and manufacture of automotive alarm devices

20  Beginning in 1995, Urim manufactured and sold millions of dollars worth of car alarms to Omega Research and Development, Inc , a Georgia corporation

21  After receiving and selling car alarms purchased from Urim, Omega failed to pay a large number of invoices

22  Pursuant to the terms of the agreement between Urim and Omega, Urim submitted the dispute to binding arbitration before the Korean Commercial Arbitration Board in Korea on or about May 31, 2001

23  Omega entered an appearance in the arbitration to contest the arbitration provision and the jurisdiction of the arbitration panel  Specifically, Omega pled affirmative defenses including fraudulent inducement and fraud in the execution of the sales contracts at issue in the arbitration

24. The arbitration panel rejected and denied Omega's defenses and objections.

25. On December 27, 2001, the Korean Commercial Arbitration Board awarded Urim $3,379,065.54 plus interest from May 31, 2001 (hereinafter the "Arbitration Award").

26. On or about July 30, 2001, and after having received Urim's demand for arbitration, Omega filed the Omega Lawsuit, alleging, inter alia, breach of contract and fraud.

27. Urim was served with the Omega Lawsuit on or about February 20, 2002.

28. Urim retained Arter & Hadden's Los Angeles, California office to represent it in the Omega Lawsuit and to seek confirmation of the Arbitration Award.

29. Krongold, Palin, and Thompson were the Arter & Hadden attorneys responsible for Urim's case.

30. Arter & Hadden had Urim retain the Atlanta, Georgia law firm of Kilpatrick Stockton as local counsel for the Omega Lawsuit.

31. On April 9, 2002, Defendants, on behalf of Urim, filed a Petition to Compel Arbitration and to Stay All Proceedings Pending Completion of Arbitration and a Petition to Confirm Arbitration and Enter Judgment Thereon in the Omega Lawsuit.

32. During the next seven months, limited discovery was conducted in the Omega Lawsuit.

33. During this time frame, Urim paid Arter & Hadden approximately $100,000 in legal fees and expenses relating to the Omega Lawsuit.

34      Nevertheless, Urim began to fall behind in the substantial fees charged by Arter & Hadden

35      A trial on the limited issue of the enforceability of the arbitration clause upon which the Arbitration Award was based was scheduled by the Court to begin on December 2, 2002

36      On October 31, 2002, Defendants notified Urim of their intent to request permission from the court to withdraw as counsel in the Omega Lawsuit  According to Defendants, the reason for this notice was non-payment of legal fees

37      On November 18, 2002, Thompson for Arter & Hadden wrote to Urim claiming that Urim owed more than $128,000 in legal fees to Arter & Hadden and its local counsel, and expected to bill another $70,000 by the end of the year  A true and correct copy of this letter is attached hereto as Exhibit "A"

38      Thompson's November 18 letter proposed a payment plan by which Urim would pay $130,000 in two installments on November 22, 2002 and December 6, 2002

39      In his November 18 letter, Thompson threatened that Arter & Hadden would withdraw as Urim's counsel if the payments were not made

40      Thompson also demanded in his November 18 letter that Urim authorize Arter & Hadden to settle the Omega Lawsuit at Arter & Hadden's "sole discretion" if Urim missed any scheduled payments to Arter & Hadden

41      Thompson's November 18 letter did not include any limits on Arter & Hadden's purported settlement authority

42. Although Arter & Hadden had a Korean attorney on staff in its Los Angeles, California office, Thompson's November 18 letter was not translated into Korean or explained to Urim in Korean

43. Urim signed Thompson's November 18 letter and requested that the time for Urim to make the first two scheduled payments be extended by one week A true and correct copy of Urim's letter is attached hereto as Exhibit "B"

44. At the time the November 18 letter was signed by Urim, there were no pending settlement demands or offers from either Urim or Omega

45. Arter & Hadden acknowledged that the demands made in its November 18 letter created a conflict of interest between it and Urim

46. Urim sent $10,000 by wire transfer to Arter & Hadden, but Urim was unable to meet the payment schedule imposed by Arter & Hadden

47. Rather than move to withdraw as counsel, Defendants instead chose to negotiate a settlement of Urim's claims in order to protect the Defendants' fees

48. On November 26, 2002, Defendants Arter & Hadden, Krongold, and Palin negotiated a settlement of Urim's claims with counsel for Omega In so doing, Defendants represented to counsel for Omega that they had actual authority to settle Urim's claims

49. Prior to engaging in these settlement discussions, the Defendants did not seek any input or involvement from Urim

50. Pursuant to the settlement agreement negotiated by Krongold for the Defendants, Omega agreed to pay $175,000 to Arter & Hadden's Trust Account in

exchange for a full and final release of Urim's $3 4 million arbitration award and the claims raised by Omega in the Omega Lawsuit

51    Defendants neither sought nor received approval from Urim for the terms of the settlement agreement  To the contrary, Urim was entirely unaware of the settlement discussions being conducted by the Defendants

52    Urim did not provide any actual, apparent or special authority to the Defendants to settle the Omega Lawsuit for $175,000

53    Based on the settlement agreement the Defendants negotiated with Omega, the Defendants agreed to remove the Omega Lawsuit from the Court's December 2, 2002 trial calendar  Urim was never consulted about this removal of the case from the trial calendar, and never approved it

54    Urim was not informed of the settlement negotiated by Krongold and the Defendants until it received the draft Settlement Agreement

55    Urim refused to sign the draft Settlement Agreement because the terms were unacceptable to and had never been approved by Urim

56    Upon learning that Urim would not sign the settlement agreement, Defendants moved to withdraw as counsel on December 6, 2002

57    Also on December 6, 2002, the Defendants and counsel for Omega had a status conference with Judge Thomas W Thrash  A true and correct copy of the transcript of the status conference is attached hereto as Exhibit "C "

58. Krongold participated in the status conference ostensibly on behalf of Urim. However, Krongold's conduct during the status conference clearly shows that his only concern was for the Defendants.

59. Krongold's initial participation in the status conference consisted of making sure the Court was aware of the Defendants' Motion to Withdraw as counsel for Urim and to confirm that the $175,000 settlement amount he negotiated with Omega would be paid directly to Arter & Hadden's trust account.

60. During the status conference, Omega moved to enforce the settlement.

61. Krongold's initial position was to request that the Court grant the Defendants' Motion to Withdraw and "then the Court take whatever action is necessary."

62. Krongold also informed the Court that he could not oppose Omega's Motion to Enforce the Settlement, but "well, I mean I have to oppose the Motion because I'm still attorney of record."

63. Krongold's opposition to the Motion to Enforce Settlement consisted of informing Judge Thrash that the settlement he negotiated was a tentative settlement and not a final settlement. That it was subject to Urim's approval, and that Urim did not approve it. "I mean, that would have to be our position."

64. On or about December 10, 2002, the Court entered a Final Judgment in the Omega Lawsuit, requiring Omega to pay $175,000 to Arter & Hadden's trust account.

65.  Pursuant to the terms of the settlement agreement, Omega paid $175,000 into Arter & Hadden's trust account. Without any authorization from Urim, Arter & Hadden paid itself and its local counsel more than $160,000 from these funds.

66.  After deducting their claimed attorney's fees, the Defendants released $11,893.37 to Urim.

67.  Urim has not accepted this amount from the Defendants and has not negotiated the check from the Defendants.

68.  After retaining new counsel, Urim appealed the rulings of the Court to the Eleventh Circuit Court of Appeals.

69.  Urim's appeal was denied.

70.  As a result of the Defendants' actions, Urim's claims against Omega and its right to the $3.4 million arbitration award have been compromised and released.

## COUNT I
## NEGLIGENCE (LEGAL MALPRACTICE)

71.  Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 70 above, as if each were fully and completely set forth herein.

72.  Defendants had a duty upon undertaking the representation of Urim to utilize professional skill and care commensurate with that which is required of attorneys practicing in the State of Georgia.

73.  As set forth in the attached affidavit of Frank J. Beltran, Esq., Defendants conduct, and negligent actions and/or omissions in the handling of Urim's case constituted a departure from the ordinary and accepted standard of care required of attorneys.

74    Urim has suffered damages as a direct and proximate result of the negligent actions and/or omissions of the Defendants

75    As a direct and proximate result of the Defendants' negligent actions and/or omissions, Defendants are liable to Urim in an amount to be proven at trial, but in no event less than the $3,400,000 00 Defendants negotiated away to ensure that Defendants recovered whatever fees they claimed were owed to them, plus interest at the highest rate allowed by law

## COUNT II
## BREACH OF CONTRACT

76    Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 70 above, as if each were fully and completely set forth herein

77    At all times pertinent and material hereto, Defendants were bound by contract, both express and implied, to use their best efforts on Urim's behalf, and otherwise exercise that degree of skill and care required of legal practitioners in the State of Georgia.

78    Defendants' actions and/or omissions constitute a breach of Defendants' contract with Urim and their covenant to use reasonable skill and care in the preparation and prosecution of Urim's claims and defenses

79    As a legal and proximate result of Defendants' breach of contract, Urim suffered legally compensable damages in an amount to be proven at trial, but in no event less than the $3,400,000 00 Defendants negotiated away to ensure that Defendants recovered whatever fees they claimed were owed to them, plus interest at the highest rate allowed by law

## COUNT III
## BREACH OF FIDUCIARY DUTY

80  Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 70 above, as if each were fully and completely set forth herein

81  By virtue of the attorney/client relationship between Defendants and Urim, Defendants owed a fiduciary duty to Urim

82  Defendants' fiduciary duty required them to act with the utmost good faith and care in handling Urim's representation, and to act solely in Urim's best interests

83  Defendants breached their fiduciary duty to Urim by settling the Omega Lawsuit without any special authority from Urim

84  Defendants breached their fiduciary duty to Urim when they continued to represent Urim with full knowledge of a conflict of interest between their interest in recovering their fees and Urim's interests in prosecuting its claims against and defeating the counterclaims of Omega in the Omega Lawsuit

85  Defendants breached their fiduciary duty to Urim when they promoted their own interests to the injury of Urim

86  As a direct and proximate result of Defendants breaches of fiduciary duty, Urim suffered legally compensable damages in an amount to be proven at trial, but in no event less than the $3,400,000 00 Defendants negotiated away to ensure that Defendants recovered whatever fees they claimed were owed to them, plus interest at the highest rate allowed by law

87. As a result of the Defendants' breaches of their fiduciary duties, Urim is also entitled to the recovery of all fees paid to Defendants, to prevent Defendants from profiting from their wrongdoing.

88. Defendants in breaching their fiduciary duties exhibited willful misconduct, malice, fraud, wantonness, oppression and/or that entire want of care that raises the presumption of conscious indifference to consequences. Therefore, Urim is also entitled to recover punitive damages from the Defendants in an amount to be determined by the enlightened conscience of an impartial jury.

## COUNT IV
## EXPENSES OF LITIGATION

89. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 70 above, as if each were fully and completely set forth herein.

90. Defendants acted in bad faith, have been stubbornly litigious and/or have caused Urim unnecessary trouble and expense, entitling Urim to recover its reasonable expenses of litigation, including attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Urim respectfully prays for the following relief:

(a) A trial by jury on all issues in this case;

(b) Compensatory damages in an amount to be proven at trial, but in no event less than the $3,400,000.00 Defendants negotiated away to ensure that Defendants recovered whatever fees they claimed were owed to them, plus interest at the highest rate allowed by law;

(c) The recovery of all attorneys' fees paid to and/or recovered by Defendants in the Omega Lawsuit,

(d) Punitive damages in an amount to be determined by the enlightened conscience of an impartial jury,

(e) Plaintiff's costs of this action, including reasonable attorneys' fees, and pre- and post-judgment interest as allowed by law, and

(c) For such further relief as this Court deems just and proper

Respectfully submitted, this 31st day of January, 2005

        FELLOWS, JOHNSON & LA BRIOLA, LLP

        Steven M Kushner
        Georgia Bar No 430510
        Shattuck Ely
        Georgia Bar No 246944

Suite 2300, South Tower
225 Peachtree Street, N E
Atlanta, Georgia 30303-1731
Tel (404) 586-9200

        ATTORNEYS FOR PLAINTIFF URIM CORPORATION